# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRIAN VAUGHN, | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cv-02934-TLP-tmp |
| v. | ) |
| STATE OF TENNESSEE, SHERIFF BILL ODOM, C. OFFICER PERKINS, SGT. BUNNET, | ) |
| Defendants. | ) |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, AND GRANTING LEAVE TO AMEND

Plaintiff Brian Vaughn, an inmate at the Shelby County Criminal Justice Center ("SCCJC") in Memphis, Tennessee, sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (Complaint ("Comp.") ECF No. 1; Motion, ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (Order, ECF No. 5.) The Clerk is ORDERED to record the defendants as the State of Tennessee; Bill Oldham, Sheriff of Shelby County;[1] Corrections Officer ("C/O") First Name Unknown ("FNU") Perkins; and Sergeant FNU Bunnet.

---

[1] In the complaint, Plaintiff refers to a Sheriff Bill "Odom." It is clear from the complaint that Plaintiff intends to sue Sheriff Bill Oldham, Sheriff of Shelby County. The Clerk is ORDERED to MODIFY the docket with this correction.

**BACKGROUND**

Plaintiff alleges that another inmate protested the lack of attention from guards by throwing bags of feces and urine out of his security flap. (Comp., ECF No. 1 at PageID 2.) Plaintiff's face and clothes were covered in the waste. (*Id*.) Officers refused to supply him a change of clothes or provide medical attention.[2] (*Id.*) Plaintiff alleges that officers only allowed him to shower and forced him to wash his clothes with hand soap in his sink. (*Id.*) He reported the issue and was moved to a different pod. (*Id.*) Plaintiff seeks unspecified compensatory damages. (*Id.* at PageID 3.)

**LEGAL STANDARDS**

**I.  Screening Requirements Under 28 U.S.C. § 1915A**

The Court must screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

The Court first determines whether the complaint states a claim for relief by applying the standards under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). With that in mind, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556

---

[2] In an attachment Plaintiff filed several weeks after his complaint, Plaintiff notes that he received new shirts and undergarments about one and a half months after the incident and has closed his grievance. (Attachment, ECF No. 4 at PageID 10.) He alleges he still has not been medically treated for any potential contamination from the incident. (*Id.*)

U.S. 662, 681 (2009)).  Of note, conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 also provides guidance on this issue.

That rule requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  But it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Id*.

Courts conducting the screening analysis accord slightly more deference to pro se complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983.  A plaintiff must allege two elements under this statute: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v.*

3

*S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff must satisfy these requirements for his complaint to succeed.

## ANALYSIS

I. **The State of Tennessee is Immune from Suit in This Case**

The Court first directs its attention to the claim against the State of Tennessee. The Eleventh Amendment prohibits citizens from suing their own states in federal court absent a waiver of immunity. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Tennessee has not waived its sovereign immunity here. *See* Tenn. Code Ann. § 20-13-102(a). What is more, a state is not a person under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's allegations against the State of Tennessee thus fail to state a valid claim for which relief can be granted.

II. **The Claims Against the Individual County Defendants in Their Official Capacities Fail to Allege the Presence of a Municipal Custom or Policy**

Plaintiff's claims against Sheriff Oldham, C/O Perkins, and Sergeant Bunnet in their official capacities are claims are against Shelby County. Courts cannot hold a local government, such as a municipality or county, liable "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Similarly, courts cannot hold a municipality responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Consequently, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy" to establish municipal liability. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). With this in mind, "the touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is *actually responsible*.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original). Plaintiff here makes no allegations that he suffered an injury because of an unconstitutional policy or custom of Shelby County. He thus fails to state a claim against Shelby County or any defendant in his official capacity for which relief can be granted.

### III. Plaintiff's Eighth Amendment Claim Does Not Allege That He Suffered A Physical Injury

Next the Court considers Plaintiff's claims related to the officer's alleged failure to provide clothes or medical attention after the incident. These allegations are interpreted as a claim for deliberate indifference under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such a claim has both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005). For the subjective component of an Eighth Amendment violation, a prisoner must show that the official acted with the requisite intent. That is, that the official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v.*

5

*Seiter*, 501 U.S. 294, 297, 302–03 (1991). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, Plaintiff must prove the prison official knew of "an excessive risk to inmate health or safety" and disregarded it. *Id.* at 837–38.

Plaintiff's allegations here fail to state an Eighth Amendment claim. Exposure to human waste could present a substantial risk of serious harm. But Plaintiff does not allege that Sheriff Oldham or Sergeant Bunnet knew of the potential harm and deliberately disregarded it. Plaintiff does not allege, for example, that these defendants knew of "an excessive risk" of harm when they left open the inmate's security flap or even when the inmate threw the bags of waste, or that they were even present when the event occurred. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

He does assert that the C/O Perkins deliberately refused him a change of clothes and medical attention after the inmate threw the waste. That said, there is no allegation that C/O Perkins recognized the risk of physical harm to Plaintiff when he refused him care. At most, Plaintiff's allegations suggest the C/O Perkins was negligent in his handling of the situation. But even "a cognizable claim of negligence does not establish a cognizable claim of deliberate indifference." *Mitchell v. Hininger*, 553 F. App'x 602, 607 (6th Cir. 2014); *see Farmer*, 511 U.S. at 835.

Moreover, the PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir. 2011). Plaintiff's claim for compensation is thus barred under the PLRA because he does not

allege that he suffered any physical injury during the incident. *See Anthony v. Werner*, No. 07-15138, 2008 WL 2447328, at *6 (E.D. Mich. June 18, 2008) (citing cases denying inmates' claims for compensation after human-waste attack for failing to allege physical injury).

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

With this in mind, the Court believes Plaintiff should have a chance to amend his Complaint to attempt to fix the deficiencies here. The Court thus GRANTS Plaintiff the opportunity to amend his Complaint within thirty (30) days of the entry of this Order.

## APPELLATE ISSUES

The Court also considers whether it should allow Plaintiff to appeal this decision in forma pauperis if he seeks to do so. This requires the Court to determine whether an appeal by Plaintiff here would be taken in good faith.

The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id.* On that basis, it would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants, but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). In the end, the same considerations that lead the Court to dismiss this case for failure to state a claim also shows that an appeal would not be taken in good faith.

This Court therefore CERTIFIES, under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis and file a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal would not be taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff

that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). However, the Court GRANTS Plaintiff leave to amend his Complaint within thirty (30) days of the entry of this Order. The Court also CERTIFIES that any appeal in here would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 14th day of May, 2019.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE